Kirkpatrick, C. J. and Rossell, J.
— Were clearly of opinion, that the property of Higbee was bound by the attachment.
Pennington, J.
— It appears to me that this is a plain case. The only thing that has puzzled me in it is, how it ever came to be made a question. On the 26th of May, 1809, an affidavit was made in the terms required by the *540 attachment act; this affidavit was duly filed, and on which, a writ of attachment was issued; and on the same day the property of the defendant was attached; the writ returned, and judgment regularly obtained, according to the course of the Court, and the provisions of the act. The sixth section of the act says, that the writ shall bind the property and estate of the'defendant from the time of executing the same. After the issuing of this writ, and the due execution thereof, judgment is obtained in this Court on a warrant of attorney, and execution issued thereon, pud the sheriff levied on the same property. The property being bound by the attachment, and already in the custody of the law, the levy under the execution was a nullity. As this cause was submitted without argument it is diflicult to divine what point the counsel for Boon intended to raise; from facts stated in some accompanying affidavits, I however apprehend, that he intended to find fault with the plaintiff in attachment, for making an affidavit before he was certain that Higbee had passed the Delaware River. — It appears to me, that if there [*] was any ground for this objection, it should have been taken before the Common Pleas.. But supposing it properly a question in this Court, I do not know that the actual non-residence of the defendant, is an essential requisite to give validity to a writ of attachment; all that is required by the act is, that the plaintiff shall make oath “ that he verily believes that his debtor absconds from his creditors, and is not to his knowledge or belief, resident in this State at the time.” I. am' not satisfied that, if this oath was false, that it would destroy the attachment; but supposing it would, it is to be presumed that Lummis knew at the time he made the affidavit, between 12 and 1 o’clock, that Higbee had fled from the Sheriff in the morning, towards the Delaware in a sulkey, the most expeditious manner of travelling; he might verily believe at the time, that he was out of the State, and conscientiously make the affidavit, it appears to me, that this is exactly the case that the law intended to provide for. The creditor could not get the person of the debtor, for he had absconded; and, therefore, resorted to his property and estate, which he had left behind. — I am clearly of opinion, that the property is bound by the writ of attachment.
By the Court.
— Let the money he paid to the auditors in the attachment, agreeable to the stipulations in the case submitted.*

 The case of Sheppard vs. Boon, grew out of the same transaction, and was decided this term, the same as the above.